OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Phillips.
[Cite as Disciplinary Counsel v. Phillips (1994),        Ohio St.3d       .]
Attorneys at law -- Misconduct -- One-year suspension stayed
    with attorney placed on two years' probation with
    conditions -- Conduct that adversely reflects on fitness
    to practice law -- Continuing multiple employment when
    client will be adversely affected by representation of
    another client -- Late payments of biennial registration
    fee -- Failure to cooperate with investigation of ethical
    complaint -- Failure to preserve identity of funds and
    property of clients.
    (No. 94-1810 -- Submitted October 11, 1994  -- Decided December 7, 1994.)
    On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-86.

    In a complaint filed December 7, 1993, relator, Office of Disciplinary Counsel, charged respondent, Thomas Ewing Phillips of Chillicothe, Ohio, Attorney Registration No. 0008582, with four counts of misconduct alleging numerous disciplinary violations. In his answer, respondent admitted some of the factual allegations of the complaint.

    An evidentiary hearing on the matter was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on June 16, 1994. The parties presented agreed stipulations, and respondent testified. As to Count I of the complaint, in September 1991, respondent represented Darrell S. Hatfield in several legal matters. Hatfield and his wife, Melissa, had opened a business in Chillicothe known as Yesterday's Olde Fashion Ice Cream Parlour. In November 1991, prior to the filing of an indictment against Mr. Hatfield, respondent represented him in plea negotiations with the Ross County Prosecuting Attorney. Mr. Hatfield had faced the possibility of being charged with over twenty felonies for defrauding individuals and an additional violence specification relating to an assault on a police officer. However, respondent negotiated a plea agreement in which Mr. Hatfield would be charged with two

counts of theft and one count of misuse of credit cards.

At the time the plea agreement was reached, Mr. Hatfield left town. Respondent and his wife assisted Mrs. Hatfield in closing the business, settling outstanding business accounts, and storing some personal property. Mr. Hatfield was subsequently arrested and returned to Chillicothe, where he pled guilty to two counts of theft and one count of misuse of credit cards and was sentenced to three consecutive eighteen-month sentences. After Mr. Hatfield was incarcerated, he continued to call respondent up to five times a day, complaining about various things. Respondent eventually refused to talk to Mr. Hatfield, and Mr. Hatfield then accused him of theft and other dishonest acts.

Subsequently, at Mrs. Hatfield's request, respondent represented her in a divorce proceeding against Mr. Hatfield. Mrs. Hatfield was granted a divorce in June 1992, while Mr. Hatfield was incarcerated.

The panel concluded that respondent violated DR 1-102(A)(6) (conduct that adversely reflects on the lawyer's fitness to practice law), and 5-105(B) (continuing multiple employment when the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by representation of another client) by serving as Mrs. Hatfield's attorney in her divorce proceeding.

As to Count II, respondent was fifteen months late in paying his attorney registration fees for the 1991-1993 biennium and over two months late in paying his attorney registration fees for the 1993-1995 biennium. The panel concluded that respondent violated Gov.Bar R. VI(1) (requirement to pay biennial registration fee).

As to Count III, respondent agreed to represent Dean Bocook in a personal-injury matter as well as a claim against the Veterans Administration. During the course of his representation of Bocook, respondent assisted Bocook in setting up a plumbing business by loaning him money and co-signing notes to purchase vehicles for the business. Respondent lent Bocook approximately $80,000. When Bocook's money ran out, respondent refused to give him any more, and respondent repossessed one of the vehicles.

In October and December 1992, relator sent two certified letters to respondent requesting that he respond within specified dates to the allegations of a grievance filed against him by Bocook. Respondent failed to respond to the first letter and responded six days late to the second letter. On January 5, 1993, relator sent a letter to respondent, requesting verification by January 19, 1993 that Bocook's files had been returned to him. Relator received no response. The panel concluded that respondent violated Gov.Bar R. V(4)(G) (duty to cooperate with investigation of ethical complaint).

As to Count IV, between March 20, 1990 and December 30, 1992, respondent's business trust account was charged with forty-seven nonsufficient funds charges, and seventy-two checks were returned to him. Respondent testified that no one was ever harmed as a result of his banking problems. The panel concluded that respondent violated DR 9-102(A) (preservation of identity of funds and property of clients).

The panel made several additional findings. Respondent is

a sole practitioner who handles between four hundred and five hundred cases a year. He has only one secretary and does not have a bookkeeper. Respondent conceded being flooded with paperwork and not having an effective billing system. He let his malpractice insurance lapse. Respondent is months behind in filing new probate cases, filing inventories, and closing old probate cases. Respondent admitted to having an alcohol problem and to consuming about six beers every night. During a one-week stay at Harding Hospital, he received some counseling that addressed his alcohol problem.

Relator recommended that respondent either receive a public reprimand, or if respondent's office management problems could not be remedied by a mere reprimand, a suspension stayed upon monitoring of respondent's practice. Respondent indicated that he was open to the idea of a monitoring attorney.

The panel recommended that respondent be suspended from the practice of law for one year, with the suspension stayed on conditions that: (1) respondent's practice and law office management shall be monitored for two years by an attorney appointed by relator, (2) respondent shall attend twelve hours of continuing legal education in law office management to be completed in addition to the twenty-four hours of continuing legal education he is required to complete between January 1, 1995 and December 31, 1996, (3) respondent shall enter into a contract with the Ohio Lawyers Assistance Program and shall abide by its terms and conditions for a minimum of two years, and (4) respondent shall not be found in violation of any further Disciplinary Rules for two years. The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.
Thomas Ewing Phillips, pro se.

Per Curiam. We concur in the finding and recommendations of the board. Thomas Ewing Phillips is hereby suspended from the practice of law for one year, with the suspension stayed, and respondent is placed on two years' probation under the following conditions: (1) respondent's practice and law office management shall be monitored for the next two years by an attorney appointed by relator, (2) respondent shall attend twelve hours of continuing legal education in law office management to be completed in addition to the twenty-four hours of continuing legal education he is required to complete between January 1, 1995 and December 31, 1996, (3) respondent shall forthwith enter into a contract with the Ohio Lawyers Assistance Program and shall abide by its terms and conditions for a minimum of the next two years, and (4) no disciplinary complaints against respondent are certified to the board by a probable cause panel within the next two years. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright and Resnick, JJ., concur.
F.E. Sweeney and Pfeifer, JJ., dissent and would publicly

reprimand respondent.